UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEGGY ESPOSITO, ET AL

VERSUS

ETHICON, INC., ET AL

CIVIL ACTION

NUMBER 11-207-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 13, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEGGY ESPOSITO, ET AL

VERSUS

ETHICON, INC., ET AL

CIVIL ACTION

NUMBER 11-207-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is a Motion to Remand filed by plaintiffs Peggy and Robert Esposito. Record document number 6. The motion is opposed by defendants Johnson & Johnson and Ethicon, Inc.[1]

Based on the applicable law and the analysis set forth below, the defendants have met their burden of demonstrating that the court has diversity jurisdiction and that this case was properly removed. Plaintiff's Motion to Remand should be denied.

## Background and Arguments

Plaintiffs filed this suit in state court on February 23, 2011 and alleged that plaintiff Peggy Esposito suffered injury and damages after undergoing surgery on July 31, 2009.[2] Plaintiff alleged that after the surgery she developed a wound infection that required ongoing treatment in 2009 and 2010 and which resulted in substantial injury and damages, including physical and mental pain

---

[1] Record document number 7.

[2] Peggy Esposito's spouse Robert Esposito alleged a claim for loss of consortium. Hereafter, "plaintiff" will refer to plaintiff Peggy Esposito.

and suffering.  Plaintiff claimed that her wound infection was caused by contaminated and/or defective suture material used during her surgery.

Plaintiff sued defendants Ethicon, Inc., Johnson & Johnson, St. Elizabeth Hospital, and Our Lady of the Lake Ascension Community Hospital, Inc.[3]  Plaintiff alleged the suture material was manufactured and/or distributed by defendants Ethicon and/or Johnson & Johnson and that these entities were liable because they were aware of the contamination and/or defect of the sutures, but negligently failed to remove them from circulation.[4]  Plaintiff alleged further that the Hospital was liable under Louisiana law for negligently failing to remove the contaminated/defective products from its facilities when it knew or should have known of the contamination.[5]

Defendants Ethicon and Johnson & Johnson removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332.

---

[3] Although the plaintiff named St. Elizabeth Hospital and Our Lady of the Lake Ascension Community Hospital, Inc. as separate defendants, the allegations in the Petition for Damages and Notice of Removal indicate they are not separate entities. Rather, St. Elizabeth's Hospital does business as Our Lady of the Lake Ascension Community Hospital, Inc.  Record document number 1-1, Exhibit A, Petition for Damages; record document number 1, Notice of Removal, ¶ 7.  Therefore, this defendant is hereafter referred to as the "Hospital."

[4] Record document number 1-1, attached Petition for Damages, ¶ 6.

[5] *Id.*, ¶ 7.

Defendants alleged that they were citizens of New Jersey,[6] and that the Louisiana citizenship of the Hospital should be ignored because it was improperly joined. Defendants argued two grounds for the improper joinder: (1) the plaintiff has no right to pursue a claim against the Hospital because the Hospital and the plaintiff's allegations against it within the Louisiana Medical Malpractice Act (LMMA), and the plaintiff failed to comply with the LMMA medical review panel process before filing suit; and, (2) the plaintiff made only conclusory allegations that the Hospital knew or should have known that the sutures were contaminated/defective and the affidavit of Jill M. Lee shows otherwise.[7] To support their removal and oppose the plaintiff's Motion to Remand, the defendants submitted copies of: (1) the affidavit of Jill M. Lee, the Hospital's assistant vice president of surgical services;[8] (2) the plaintiff's February 25, 2011 Request for Medical Review Panel petition filed before the Louisiana Patient's Compensation Fund Oversight Board;[9] (3) the Hospital's exception of prematurity based

---

[6] Defendants alleged that both their states of incorporation and principal places of business are in New Jersey. Record document number 1, Notice of Removal, ¶¶ 5 and 6. Plaintiffs are citizens of Louisiana and the Hospital is alleged to be a Louisiana corporation.

[7] *Id.* ¶¶ 11-13.

[8] Record document number 1-1, Exhibit B.

[9] Record document number 7-1, Exhibit A.

on the LMMA filed in state court on March 28, 2011;[10] (4) the Report and Recommendation and the Judgment in *Gill v. Ethicon*, CV 00-2042 (W.D.La. 2001) which the Hospital contends supports its position;[11] and, (5) the Magistrate Judge's Reports in two similar cases filed against the Hospital in this district court.[12]

Plaintiff alleged that the Hospital knew or should have known of the contaminated sutures and negligently failed to remove them from the facility. She argued that these allegations are sufficient to state a claim under Louisiana law, and the removing defendants cannot show she has no possibility of establishing a cause of action against the Hospital. Specifically, the plaintiff argued: (1) her claim that the Hospital negligently failed to remove the contaminated sutures does not arise from medical malpractice, and therefore the LMMA is not applicable and the claim does not have to be submitted to the medical review panel;[13] (2) even if the claims against the Hospital fall under the LMMA and the medical review process has not been completed, this fact does not preclude considering the citizenship of the Hospital for purposes

---

[10] Record document number 7-2, Exhibit B.

[11] Record document number 7-3, Exhibit C.

[12] Record document number 1-1, Exhibit D.

[13] Plaintiff argued that *Netherland v. Ethicon*, 35,229 (La.App. 2 Cir. 4/5/02), 813 So.2d 1254, *writ denied*, 2002-1213 (La. 6/21/02), 819 So.2d 339, is controlling and requires finding that her claim does not arise under the LMMA.

4

of diversity jurisdiction, since a premature claim is still a viable cause of action that gives rise to a possibility of recovery; and, (3) because it is not based on personal knowledge of the particular sutures used in the plaintiff's surgery, Lee's affidavit is insufficient to meet the defendants' burden of establishing that there is no possibility of recovery against the Hospital.

## **Applicable Law**

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1441 and 1359. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert.denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id*.

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that

5

there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6) analysis, or by piercing the pleadings and conducting a summary inquiry. Id. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

The Louisiana Medical Malpractice Act (LMMA) defines malpractice as follows:

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.

LSA-R.S. 40:1299.41(A)(8).

Health care is defined by the LMMA as follows:

> "Health care" means any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement, or during or relating to or in connection with the procurement of human blood or blood components.

LSA-R.S. 40:1299.41(A)(9).

The LMMA specifically requires a plaintiff to present a medical malpractice claim against a qualified physician or Hospital to a medical review panel before commencing a civil action:

> No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section.

LSA-R.S. 40:1299.47(B)(1)(a)(i).[14]

The Fifth Circuit Court of Appeals has not decided whether the presence of an in-state medical defendant with a claim pending review by a LMMA medical review panel can destroy diversity jurisdiction. While some district courts in the Fifth Circuit have held that a premature claim against a medical defendant is not a basis for finding improper joinder, *Danos v. Bristol-Myers Squibb Co.*, 2003 WL 21056815 (E.D.La. May 8, 2003); *Ochoa v. Bristol-Myers Squib Co.,* 2003 WL 446821 (E.D.La. Feb. 19, 2003; *Doe v. Cutter*

---

[14] There are circumstances in which a medical review panel is not required or may be dissolved, or the parties may agree to waive the use of a panel. There is no suggestion that any of these circumstances exist in this case, nor is there any suggestion that the parties agreed to waive review by a medical malpractice the panel.

*Biological*, 774 F.Supp. 1001 (E.D.La. 1991), cases decided more recently in this district and both the Eastern and Western Districts of Louisiana addressing this issue have found the opposite. *Malbroux v. American Medical Systems* Inc., 2011 WL 2148417 (W.D. La. May 31, 2011); *Owens v. Ethicon*, 2010 WL 3172737 (M.D. La. Aug. 11, 2010), CV 10-190-JJB-SCR, record document number 14 (Magistrate Judge's Report) and 23 (Ruling on Motion to Remand and Motion to Dismiss); *Ellis v. Ethicon*, 2010 WL 1251640 (M.D. La. Feb. 19, 2010), CV 09-949-JJB-SCR, record document numbers 15 (Magistrate Judge's Report) and 18 (Ruling denying Motion to Remand); *Jones v. Centocor, Inc.,* 2007 WL 4119054 (E.D.La. Nov. 15, 2007); *Senia v. Pfizer, Inc.*, 2006 WL 1560747 (E.D.La. May 23, 2006); *Bourne v. Eli Lilly & Co.*, 2005 WL 2998914, at *2-3 (W.D.La. Nov. 8, 2005)(rejecting the reasoning of the line of cases from the Eastern District of Louisiana, and stating that "the possibility that a later joinder might defeat diversity and necessitate remand is not grounds to remand at present"); *Donaldson v. Spinal Concepts, Inc.*, 2003 WL 21913704 (E.D.La. Aug. 6, 2003).

The cases are persuasive because they correctly apply the plain language of the LMMA, specifically LSA-R.S. 40:1299.47(B)(1)(a)(i). Whether a plaintiff who is currently proceeding before a medical review panel pursuant to the LMMA may later allege and prove a medical malpractice claim in a state or federal court case is not relevant to the determination of

8

diversity jurisdiction at the time of removal. Rather, what is critical is whether, at the time of removal, the plaintiff can commence an action against the health care provider under state law.

## **Analysis**

The record establishes that the defendants have met their burden of demonstrating the improper joinder of the Hospital. It is apparent from the plaintiff's state court petition that she is alleging the Hospital provided health care and professional services to her during and after her surgery, and was negligent in rendering its care and services. These allegations state a medical malpractice claim against the Hospital under LSA-R.S. 40:1299.41(A)(8) and (9).[15] Moreover, naming the Hospital as a defendant in her Request for Medical Review Panel and alleging numerous acts of malpractice the Hospital committed in connection with the surgery and the treatment it provided,[16] squarely contradicts the plaintiff's argument that the LMMA is not applicable to the claim alleged against the Hospital in the state court petition.

Plaintiff's reliance on *Netherland* is unavailing. Contrary to

---

[15] *See also*, *Malbroux, supra*, citing, *Coleman v. Deno*, 2001-1517 (La. 3/28/02), 813 So.2d 303 (six factors court considers in determining whether claim falls within definition of malpractice under LSA-R.S. 40:1299.41(A)(8)).

[16] Record document number 6-2, Request for Medical Review Panel, ¶¶ 14, 16, 18-20.

9

the plaintiff's assertion, *Netherland* is a Louisiana appellate court decision and is not necessarily controlling.[17] The specific question presented in *Netherland* was whether the LMMA prescription statute applied. In the context of resolving this issue, the court characterized the claim against the Hospital involving the alleged use of defective sutures as a products liability claim, and then relied on *Sewell* and *Branch* to find it was not covered by the LMMA and its prescriptive period.[18] *Branch* is no longer good law, and unlike this case, the plaintiff in *Sewell* did not allege that the Hospital knew or should have known of the defective condition, but instead alleged that the Hospital was strictly liable for providing a bed that was defective/unreasonably dangerous.[19] Thus, subsequent state court decisions show that *Netherland* is neither controlling or persuasive authority to support the plaintiff's argument.

It is undisputed that the plaintiff filed a Request for Medical Review Panel against her treating doctors and the Hospital in this case, and that at the time of removal the medical review

---

[17] *See*, *Richards v. Louisiana Citizens Property Ins.* Corp., 623 F.3d 241, 244 (5th Cir. 2010); *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 270 (5th Cir. 2009).

[18] *Sewell v. Doctors Hosp.*, 91-1668 (La. 5/26/92), 600 So.2d 577; *Branch v. Willis-Knighton Medical Center*, 92-3086 (La. 4/28/94), 636 So.2d 211.

[19] *See*, *David v. Our Lady of the Lake Hosp.*, 2002-2695 (La. 7/2/03), 849 So.2d 38; *Coleman,* 813 So.2d at 316; *Romero v. Willis-Knighton Medical Center*, 38,374 (La.App. 2 Cir. 4/7/04), 870 So.2d 474, 478.

10

panel proceeding was not complete.[20]  Therefore, under LSA-R.S. 40:1299.47(B)(1)(a)(i), the plaintiff could not legally bring an action in any court against the Hospital.  Nothing has changed since the decisions rendered on the Motions to Remand in *Ellis* and *Owens*.  These decisions, and the cases they relied upon, continue to support the conclusion that the plaintiff had no possibility of recovery against the in-state defendant at the time of removal. This is so because the pending Request for Medical Review Panel prevented the plaintiff from commencing an action in any court against the Hospital.  Defendants have met their burden of establishing that the Hospital was improperly joined and its Louisiana citizenship does not destroy diversity.

Alternatively, even if the defendants could not establish improper joinder on the basis of the LMMA, they have met their burden by submitting evidence in the form of an affidavit from Lee, the Hospital's assistant vice president of surgical services.  Lee stated that the suture material is received by the Hospital in its original, sealed, sterile pouch, and it is not removed from that pouch until it is placed in the surgical room to be used.  Lee stated further that the Hospital did not have any knowledge that the sutures were contaminated or defective.  This evidence shows that the Hospital did not have any actual or constructive knowledge that the sutures were contaminated or defective.  Plaintiff made

---

[20] Record document numbers 6-2 and 7-2.

11

only conclusory allegations that the Hospital "knew or should have known of the contamination" and "negligently failed to remove the contaminated or defective products from their facilities,"[21]

Plaintiff challenged Lee's affidavit asserting that it was not based on personal knowledge and that it does not address other grounds for negligence on the part of the Hospital - the Hospital may have failed to remove out-of-date or recalled sutures from use in surgery. These arguments are speculative and, like the plaintiff's allegations, they are conclusory and factually unsupported. Plaintiff failed to allege or provide any specific facts which show that there is a reasonable basis to hold the Hospital liable under state law.

Because at the time of removal the Hospital was improperly joined as a defendant, diversity jurisdiction exists in this case and the Motion to Remand should be denied.[22]

---

[21] Plaintiff also argued that the defenses asserted in the defendants' answer contradict its position and preclude a finding of improper joinder, because the defendants alleged potential fault of non-diverse defendants, including the Hospital. Plaintiff did not cite any authority to support this argument. Moreover, the argument is unpersuasive in light of the well-established test for improper joinder, which requires that the court consider the plaintiff's claims and allegations in the state court petition as they existed at the time of removal.

[22] In the event the Motion to Remand is denied, the plaintiffs asked for certification under 28 U.S.C. § 1292 and allow her to take an immediate appeal. This request cannot be considered in this report. Plaintiffs can make the request after a ruling is issued on the Motion to Remand.

**<u>Recommendation</u>**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Peggy and Robert Esposito be denied.

Baton Rouge, Louisiana, June 13, 2011.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE